UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANDWELE THOMAS,

        Plaintiff,

vs.
                              Case No. 3:19-cv-365-J-34JRK

STATE OF FLORIDA;
PEGAUS MGT.,

        Defendants.
_____/

# O R D E R

**THIS CAUSE** is before the Court sua sponte. Plaintiff, Andwele Thomas, who is proceeding pro se, initiated the instant action on March 29, 2019, by filing a Complaint (Doc. 1) against Defendants. However, upon independent review of the Complaint, the Court is unable to determine whether it has subject matter jurisdiction over this matter. Likewise, the Court finds that the Complaint is incomprehensible in violation of Rules 8 and 10, Federal Rules of Civil Procedure (Rule(s)). As such, the Complaint is due to be stricken.

        Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279–80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."). "In a given case, a federal district court must have at least one of three

1

types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

While pro se complaints are held to a less stringent standard than those drafted by an attorney, Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), the pro se litigant is still required to "'conform to procedural rules.'" Riley v. Fairbanks Capital Corp., 222 Fed. Appx. 897, 898 (11th Cir. 2007) (quoting Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002)).[1] The Rules require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). "'A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests.'" Evans v. McClain of Ga., Inc., 131 F.3d 957, 964 n.2 (11th Cir. 1997) (citation omitted). Despite Rule 8(a)'s liberal pleading requirement, "a complaint must still contain either direct or inferential allegations respecting all material elements of a cause of action." Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006) (emphasis omitted). Rules 8 and 10 work together "'to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and

---

[1] All filings with the Court must be made in accordance with the requirements of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Middle District of Florida ("Local Rules"). The Local Rules are available for review at www.flmd.uscourts.gov, and a copy may be obtained by visiting the Clerk's Office. The Federal Rules of Civil Procedure are available in the law libraries of the state and federal courthouses.

In citing to Riley, the Court notes that "[a]lthough an unpublished opinion is not binding . . . , it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

2

whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.'" Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996) (citation omitted). "Where the allegations of a complaint are 'vague and ambiguous - leaving the reader to guess at precisely what the plaintiff [is] claiming,' the court should order a repleader." Holbrook v. Castle Key Ins. Co., 405 Fed. Appx. 459, 460 (11th Cir. 2010) (quoting Byrne v. Nezhat, 261 F.3d 1075, 1128 (11th Cir. 2001)). Moreover, in a case with multiple defendants, the complaint should contain specific allegations with respect to each defendant; generalized allegations "lumping" multiple defendants together are insufficient to permit the defendants, or the Court, to ascertain exactly what a plaintiff is claiming. See West Coast Roofing and Waterproofing, Inc. v. Johns Manville, Inc., 287 Fed. Appx. 81, 86 (11th Cir. 2008) (citing Ambrosia Coal & Const. Co. v. Pages Morales, 482 F.3d 1309, 1317 (11th Cir. 2007) and Brooks v. Blue Cross and Blue Shield of Fla., Inc., 116 F.3d 1364, 1381 (11th Cir. 1997)).

Finally, a complaint should not run afoul of the Eleventh Circuit's prohibition against shotgun pleading. See generally Weiland v. Palm Beach County Sheriff's Office, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (outlining four broad categories of impermissible shotgun pleadings). The Eleventh Circuit had unequivocally instructed that shotgun pleadings are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph County, 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable.") (collecting cases). Indeed, the Eleventh Circuit has engaged in a "thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." See Weiland,

3

792 F.3d at 1321 & n.9 (collecting cases). As the Court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiff or defendant, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer, 117 F.3d at 1263. When faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative, and force the plaintiff to replead to the extent possible under Rule 11, Federal Rules of Civil Procedure. See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also Weiland, 792 F.3d at 1321 n.10 ("[W]e have also advised that when a defendant fails to [move for a more definite statement], the district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead.").

Thomas' Complaint is comprised of a pre-printed form for pro se parties, onto which Thomas has handwritten information and attached copies of photographs and additional documents. See Complaint. In response to the pre-printed complaint form's direction that a plaintiff "[l]ist the specific federal statutes, federal treaties, and/or provisions of the Untied States Constitution that are at issue in this case," Thomas cites to a section of the federal tax code. Id. at 3. However, in the portion of the pre-printed complaint form which asks for a "short and plain statement of the claim," id. at 4, Thomas does not make any tax related allegations. Instead, he appears to suggest that he is in the process of attempting to obtain a "V.A. home loan," but is potentially being evicted from his current apartment, and is being denied certain benefits or accommodations associated with his receipt of "federal V.A. care" in potential violation of the Americans

with Disabilities Act. Id. at 4. There is nothing in these allegations to suggest some sort of claim arising under the federal tax code, thereby representing federal question jurisdiction pursuant to 28 U.S.C. § 1331. See Baltin, 128 F.3d at 1469. Likewise, to the extent that Thomas is challenging his alleged eviction, without more information, the Court is unable to discern whether this claim is grounded solely in state law, or related in some manner to Thomas' reference to the Americans With Disabilities Act. See Complaint at 4. Finally, to the extent that Thomas may be invoking the Court's jurisdiction pursuant to the Americans with Disabilities Act, he fails to identify the rights to which he is entitled under that legislation, who has violated his rights, and in what manner. Id.

Therefore, not only is the Court unable to determine whether it has subject matter jurisdiction over this matter; the Court is also unable to discern the legal and factual bases of Thomas' Complaint. In short, "[t]he nature of [Thomas'] legal claims against the named defendants and the factual basis for such claims [are] incomprehensible: far short of the 'short and plain' statement requirement of Rule 8." See Holbrook, 405 Fed. Appx. at 460; see generally Complaint. Thomas' Complaint presents a vague, disjointed, and incomprehensible account of the alleged harms committed against him in such a manner that it is impossible for the Court to determine what Thomas is claiming. See generally Complaint. In addition, Thomas fails to separate his allegations into "numbered paragraphs, each limited as far as practicable to a single set of circumstances," and does not divide his claims into separate counts to the extent they are founded on separate transactions or occurrences. See Rule 10(b). Finally, Thomas appears to "assert[] multiple claims against multiple defendants without specifying which of the defendants

5

are responsible for which acts or omissions, or which of the defendants the claim is brought against." Weiland, 792 F.3d at 1323.

For all of these reasons, the Court will strike Thomas' Complaint for failure to sufficiently allege subject matter jurisdiction, and for its failure to comply with Rules 8(a)(2) and 10(b). The Court will also direct Thomas to file an amended complaint. See Holbrook, 405 Fed. Appx at 460-61 ("The district court has the inherent authority sua sponte to require the plaintiff to file a more definite statement."). Pursuant to Rules 8(a)(2) and 10(b), the amended complaint shall set forth separate causes of action in numbered counts against specific defendants and contain "a short and plain statement" of Thomas' claims demonstrating that Thomas is entitled to relief. See Rules 8(a)(2), 10(b). Specifically, Thomas should specify the basis of the Court's subject matter jurisdiction and describe in sufficient detail the factual basis for each of his claims and how each Defendant is responsible.

Prior to filing his amended complaint, the Court encourages Thomas to consider consulting with a legal aid organization that offers free legal services, such as Jacksonville Area Legal Aid (JALA). Alternatively, the Court reminds Thomas that the Jacksonville Chapter of the Federal Bar Association operates a Legal Information Program on Tuesdays from 11:00 a.m. to 12:30 p.m. on the ninth floor of the Bryan Simpson United States Courthouse, 300 North Hogan Street, Jacksonville, Florida 32202. Through that program, pro se litigants may consult with a lawyer for free. Reservations for specific appointments may be made by calling (904) 549-1900; walk-ins are welcome if space is

available. More information about the program is available on the Court's website at www.flmd.uscourts.gov/legal-information-program.[1]

In light of the foregoing, it is **ORDERED**:

1. Plaintiff Andwele Thomas's Complaint (Doc. 1) is **STRICKEN**.
2. Plaintiff shall file an amended complaint consistent with the directives of this Order on or before May 17, 2019. Failure to do so may result in a dismissal of this action.

**DONE AND ORDERED** at Jacksonville, Florida on April 15, 2019.

MARCIA MORALES HOWARD
United States District Judge

lc26
Copies to:

Counsel of Record
Pro Se Parties

---

[1] If Thomas chooses to continue to proceed without the assistance of an attorney, the Court recommends that he visit the Court's website (www.flmd.uscourts.gov). Under the tab entitled, "For Litigants," there is a section entitled, "Litigants without Lawyers." In this section, there are many resources available to pro se parties, including a Handbook called "Guide for Proceeding Without A Lawyer." If Thomas does not have access to the internet, one free copy of the Handbook may be obtained by visiting or mailing the Clerk's Office and presenting this Order to the deputy clerk.