UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANDWELE THOMAS,

        Plaintiff,

vs.                                    Case No. 3:19-cv-365-J-34JRK

STATE OF FLORIDA;
PEGAUS MGT.,

        Defendants.
_____/

# O R D E R

**THIS CAUSE** is before the Court on Plaintiff Andwele Thomas' Emergency Motion to Prevent Eviction (Doc. 8, Motion), filed on April 17, 2019, and his Motion to Stay at Current Residence (Doc. 9, Motion to Stay at Current Residence), filed April 19, 2019. Thomas, proceeding pro se, initiated this case on March 29, 2019 (Doc. 1, Complaint). After a sua sponte review, the Court struck Thomas' Complaint for various pleading and jurisdictional deficiencies, and granted Plaintiff leave to amend. See Doc. 7 (Order Striking Complaint), filed April 16, 2019. Thomas' Amended Complaint is due to be filed on or before May 17, 2019. See Order Striking Complaint at 7.

In Thomas' Motions before the Court, he requests that the Court reverse a state ordered eviction, allow him to protect his possessions, and to stay final notice of eviction. Motion at 1; Motion to Stay at Current Residence at 1. Thomas has attached to his Motion a copy of the Final Judgment of Eviction, which was issued by the County Court in Duval County, Florida on April 8, 2019. See Doc. 8-1 at 1. Also he has provided the Court with a copy of the Final Notice of Eviction issued by the City of Jacksonville Office of the Sheriff

on April 19, 2019.  See Doc. 9-1 at 16.  While the Court is sympathetic to Thomas' unfortunate circumstances, it does not have the authority to grant the relief he seeks.

To the extent Thomas is asking this Court to review, overturn, or interfere with the state court Judgment of Eviction and associated Final Notice, this Court lacks subject matter jurisdiction over the claim under Rooker-Feldman.[1]  "The Rooker-Feldman doctrine makes clear that federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court."  Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir. 2009) (citing Feldman, 460 U.S. at 482); see also Arthur v. JP Morgan Chase Bank, NA, 569 Fed. Appx. 669, 677 (11th Cir. 2014) ("Insofar as the [Plaintiff] seeks to have [his foreclosure] judgment declared null and void by the district court sitting in diversity, such claim is barred by the Rooker-Feldman doctrine.");[2] Bedasee v. Fremont Inv. & Loan Co., 741 Fed. Appx. 642, 644 (11th Cir. 2018) ("Plaintiffs lost in state court and they now seek a do-over in federal court with the goal of having the district court 'review and reject[]' the state foreclosure judgment: an action that is exactly what the Rooker-Feldman doctrine prohibits.").

Alternatively, if Thomas' claim is construed as requesting that this Court interfere with ongoing state court eviction proceedings, the Younger[3] abstention doctrine applies. The Younger doctrine requires federal courts to abstain from exercising jurisdiction when doing so would cause "undue interference with state proceedings."  New Orleans Pub.

---

[1] See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).
[2] In citing to Arthur, the Court notes that "[a]lthough an unpublished opinion is not binding . . . , it is persuasive authority."  United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").
[3] See Younger v. Harris, 401 U.S. 37 (1971).

Serv. Inc. v. Council of New Orleans, 491 U.S. 350, 359 (1989). The Younger abstention doctrine is applicable to both criminal proceedings and to non-criminal proceedings when important state interests are involved. Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)); 31 Foster Children v. Bush, 329 F.3d 1255, 1274 (11th Cir. 2003). A court may abstain from granting injunctive relief under Younger where: (1) the state proceeding is ongoing; (2) the proceeding implicates an important state interest; and (3) there is an adequate opportunity to raise a constitutional challenge in the state court proceedings. Old Republic Union Ins. Co. v. Tillis Trucking Co., 124 F.3d 1258, 1261 (11th Cir. 1997) (citing Middlesex County Ethics Comm., 457 U.S. at 432); see also Dixon v. Haworth, No. 8:09-cv-1017-T-30EAJ, 2009 WL 4730546, at *1 (M.D. Fla. Dec. 4, 2009). If indeed the state court proceeding is still ongoing, Younger abstention would appear to be warranted in this case. See e.g., Morse v. Fed. Nat'l Mortgage Assoc., 2019 WL 1177989, at *6 (E.D. Tex. Feb. 12, 2019) (an eviction proceeding "involves an important state interest, namely the state's interest in the security of title to real estate."); Abreu v.Ochoa-Salazar, 2017 WL 1900729, at *2 (D. N.J. May 8, 2017) (court declines to exercise jurisdiction over state eviction action because Younger elements satisfied); Morgan v. Scott, 83 F. Supp. 3d 616, 623 (D. De. 2015) ("Federal courts have routinely held that the Younger doctrine bars them from enjoining State court eviction proceedings." (listing cases)); Haynie v. New York City Housing Auth., 2015 WL 502229, at *2 (E.D. N.Y. Feb. 5, 2015) (where "there is no suggestion that [Plaintiff] is unable to assert his due process claims in the state court proceedings," Younger abstention is appropriate); Prindable v Assoc. of Apartment Owners of 2987 Kalakaua,

304 F. Supp. 2d 1245, 1262 (D. Hawaii 2003) (pursuant to Younger abstention, court declined to exercise jurisdiction over state eviction claims).

Accordingly, it appears that under either the Rooker-Feldman doctrine or the Younger abstention doctrine, the Court would not have subject matter jurisdiction to consider Thomas' Motions. Therefore, the Court finds that Thomas' Motions are due to be denied. See McMahon v. Cleveland Clinic Found. Police Dep't, 455 Fed. Appx. 874, 878 (11th Cir. 2011). If Thomas wishes to overturn the Judgment of Eviction and associated Final Notice of Eviction, he must pursue his rights in state court, whether by seeking a stay or reconsideration there or by appealing the decision to the state appellate court.

In light of the foregoing, it is

**ORDERED**:

1. Plaintiff Andwele Thomas's Emergency Motion to Prevent Eviction (Doc. 8) is **DENIED**.

2. Thomas' Motion to Stay at Current Residence (Doc. 9) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida on April 22, 2019.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

lc26
Copies to:

Counsel of Record
Pro Se Parties

4